UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON WILMOT, a single man, | CASE NO. C18-1874 RSM |
| Plaintiff, | ORDER GRANTING DISMISSAL |
| v. | |
| CAPITAL MANAGEMENT SERVICES, LP; and ONE MAIN FINANCIAL, | |
| Defendants. | |

    This matter is before the Court on a "Stipulated Motion to Enter Agreed Order, Dismissing Case with Prejudice." Dkt. #22. Plaintiff previously filed a similar "Stipulated Motion" on April 22, 2019. Dkt. #20. On April 23, 2019, the Court struck that filing as procedurally improper because it was not signed by all counsel of record—as required for a stipulated motion—in accordance with this Court's Local Rules. Dkt. #21. The Court referred the parties to Local Rules 10, 11, and 83.1.

    Local Rule 83.1(2) requires that, where *pro hac vice* counsel is involved, "local counsel must review and sign all motions and other filings [and] ensure that all filings comply with all local rules of this court." With regards to signatures, Local Rule 10(e)(4) requires:

ORDER – 1

> *Dates and Signature Lines*. All pleadings, motions and other filings shall be dated and signed as provided by Federal Rule of Civil Procedure 11, LCR 11, and the court's Electronic Filing Procedures. . . . The court might not consider improperly signed or unsigned documents.

Similarly, and in turn, Local Rule 11(a) requires:

> A document signed electronically (by either a digital signature or by using the "s/ Name" convention) has the same force and effect as if the person had affixed a signature to a paper copy of the document, unless an original document is otherwise required. . . . Electronic signatures must be in conformance with this district's Electronic Filing Procedures for Civil and Criminal Cases.

The Court's Electronic Filing Procedures provide, in pertinent part:

> <u>Attorney signatures:</u> All pleadings, written motions, and other filings shall be dated and signed as provided by Federal Rule of Civil Procedure 11 and Local Civil Rules 10 and 11. An electronically filed pleading or other document which requires an attorney's signature must have the signors' names printed or typed on the line and under all signatures lines. Documents not signed in accordance with these requirements might not be considered. Example below:
>
> <u>By: s/ John Attorney</u>
> <u>By: s/ Mary Attorney</u>
>
> John Attorney #12345
> Mary Attorney #67890
> ABC Law Firm
> 123 South Fifth Street
> Seattle, WA 98104
> Telephone: (206) 123-4567
> Fax: (206) 123-4567
> E-mail: John_Attorney@lawfirm.com
>         Mary_Attorney@lawfirm.com
> Attorneys for Defendant Acme Industries
>
> . . .
>
> <u>Multiple signatures:</u> The following procedure applies when a stipulation or other document requires two or more signatures:
>
> The filing party shall initially confirm that the content of the document is acceptable to all persons required to sign the document, and shall obtain either physical signatures or authorization for the electronic signatures of all parties on the document. Physical, facsimile, or electronic signatures, consistent with the formats for attorney signatures, are permitted.

ORDER – 2

The filing party may then file the document electronically, indicating the signatories as "s/ Jane Doe," "s/ John Smith," etc. The correct format for a signature is the same as that previously described for attorneys' signatures.

Despite the parties' continued failure to submit a stipulated motion that complies with this Court's rules and procedures, the Court is loath to continue belaboring the point. All parties have received notice of Plaintiff's counsel's representations to this Court that the matter is settled, and that the Plaintiff would seek dismissal. Dkt. #19. The parties have also received notice of Plaintiff's counsel's attempts to accomplish dismissal, including his representations to the Court that counsel for Defendants agreed to the "stipulated motions." Dkt. #20 at 1; Dkt. #22 at 1. The Court relies on the representations of Plaintiff's counsel that all parties have agreed to the motion currently before the Court and Plaintiff's clear intent to dismiss his claims and will dismiss the action despite the procedural errors.

Accordingly, the Court finds and ORDERS that:

1. The Stipulated Motion to Enter Agreed Order, Dismissing Case with Prejudice (Dkt. #22) is GRANTED.

2. This case is DISMISSED with prejudice.

3. This matter is now CLOSED.

DATED this 25th day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE